IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| ACGEM J. BARNETTE, | :: | PRISONER CIVIL RIGHTS |
| GDC No. 1134496, | :: | 42 U.S.C. § 1983 |
|     Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| HALL COUNTY, GEORGIA; et al., | :: | CIVIL ACTION NO. |
|     Defendant. | :: | 2:10-CV-0174-RWS |

## ORDER

Plaintiff, Acgem J. Barnette, presently confined in the Georgia Diagnostic and Classification State Prison in Jackson, Georgia, has filed this pro se civil rights action. (Doc. 1). On October 8, 2010, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5). The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

**I.   The Standard of Review for Screening Prisoner Civil Rights Actions**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails

AO 72A
(Rev.8/82)

to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court

2

accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II. Discussion

Plaintiff brings this action against Hall County, Georgia, Lieutenant Chris McNeal, Sergeant Rebbecca Haefele, Sergeant Mike Savage, Officer Jeffery King, Officer Brent Cape, and Officer Jordan Smith. (Doc. 1 at 1, 3). Plaintiff alleges that, on August 13, 2010, after he was placed in shackles, Officers King and Cape slammed his head onto the pavement and locked him in the "rec. room" for six hours without water, use of the restroom, and sleep. (Id. ¶ IV). Sergeant Haefele allowed Officers King and Cape to do this, and Officer Smith refused Plaintiff's requests for water and to use the restroom. (Id.). On August 24, 2010, Officers Smith and Cape shackled Plaintiff and locked him in the "rec. room" for four hours. (Id.). Officer Cape denied Plaintiff's request to use the restroom, which caused him to soil himself. (Id.). Sergeants Haefele and Savage left Plaintiff shackled in the "rec. room" for four hours. (Id.). Officer Smith and Cape refused Plaintiff's request for a shower after he was released from the shackles. (Id.). Plaintiff seeks monetary relief. (Id. ¶ V).

Pursuant to 42 U.S.C. § 1983, a plaintiff may pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights. See Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Because Plaintiff has not alleged that a Hall County policy or practice is responsible for the alleged deprivations, Hall County must be dismissed as a defendant in this action. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Additionally, Lieutenant McNeal must be dismissed from this action because Plaintiff has alleged nothing specific against him. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong"). Moreover, respondeat superior is an insufficient basis for § 1983 liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

"Whenever prison officials stand accused of using excessive physical force" constituting "'the unnecessary and wanton infliction of pain' . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in

4

retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Whitley v. Albers, 475 U.S. 312, 319 (1986). Courts "give a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009).

Once an inmate's placement in restraints is justified, "it becomes somewhat problematic as to how long they are necessary to meet the particular exigent circumstances which precipitated their use." Williams v. Burton, 943 F.2d 1572, 1575-76 (11th Cir. 1991). "[O]nce the necessity for the application of force ceases, any continued use of harmful force can be a violation of the Eighth and Fourteenth Amendments, and any abuse directed at the prisoner after he terminates his resistance to authority is an Eighth Amendment violation." Id. at 1576. Relevant factors in determining whether the continued use of restraints was justified include: (1) whether they were used to prevent harm to the inmate and others or were used solely for the purpose of inflicting pain; (2) whether prison officials attempted to safeguard the inmate's well-being by monitoring his condition; and (3) whether the inmate suffered any actual injuries. Id. at 1575-77.

5

Here, Plaintiff does not state why he was placed in restraints or allege that the use of restraints was unjustified. Additionally, Plaintiff does not allege that he suffered any actual injuries. See Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010) (the extent of a plaintiff's injury is relevant to determine whether the use of force was necessary and "may also provide some indication of the amount of force applied"). That Plaintiff was twice placed in restraints for several hours does not, on its own, amount to a violation of his constitutional rights. See Campbell v. Sikes, 169 F.3d 1353, 1374-78 (11th Cir. 1999) (concluding that an inmate's constitutional rights were not violated when placed in restraints on five occasions, including one 66-hour period). Defendants refusal to allow Plaintiff to shower also does not constitute a constitutional violation. See Fischer v. Ellegood, 239 F. App'x 428, 433 (11th Cir. 2007). Accordingly, Plaintiff has failed to state an excessive force or deliberate indifference claim against the remaining defendants.

In light of Plaintiff's pro se status, the Court will afford him an opportunity to file an amended complaint that addresses the deficiencies mentioned herein. **IT IS THEREFORE ORDERED** that plaintiff must, within **TWENTY (20) DAYS** of the entry date of this Order, submit an amendment to his complaint. Plaintiff is advised that the amended complaint shall supersede his previous pleadings filed in this action.

Accordingly, plaintiff is **DIRECTED** to: (1) draft his amended complaint on the complaint form provided by the Clerk of this Court; (2) clearly caption the amended complaint as an amendment to his original complaint; (3) clearly state the facts that plaintiff alleges support his claims and identify each defendant, stating what action each took for which Plaintiff seeks to recover; and (4) omit all legal argument or conclusions.

Plaintiff is admonished that failure to file an amended complaint within the specified period of time may result in dismissal of this action pursuant to Local Rule 41.3, N.D. Ga.

The Clerk of Court is **DIRECTED** to forward the appropriate complaint form to plaintiff, together with a copy of this Order, and to resubmit this action to the undersigned at the expiration of the time period noted above.

**IT IS SO ORDERED** this  5th  day of November, 2010.

**RICHARD W. STORY**
United States District Judge